UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RITA GENTILE | CIVIL ACTION |
| VERSUS | NO. 24-1607 |
| NEW ORLEANS CITY PARK IMPROVEMENT ASSOCIATION, ET AL. | SECTION "A" (4) |

**ORDER AND REASONS**

Before the Court is a **Motion to Dismiss (Rec. Doc. 14)** filed by Defendant Dwight L. McKenna, M.D., in his official capacity as Coroner for the Parish of Orleans ("Coroner"). The Motion, set for submission on October 9, 2024, is before the Court on the briefs without oral argument. For the reasons set forth below, Defendant's Motion is **DENIED WITHOUT PREJUDICE**.

**I.     Background**

Between June 23 and July 1, 2023, Dante Gentile allegedly experienced a significant mental health crisis, which culminated in him committing suicide by jumping several stories from a building.[1] Although the responding New Orleans Police Department ("NOPD") officers designated Mr. Gentile as an "unknown victim," he had been rescued by the NOPD from a separate suicide attempt just hours beforehand, arrested in New Orleans twice in the days leading up to his death, and had credit cards listing his name on his person at the time of his death.[2]

After his death, the Coroner took possession of his body.[3] At some point during the two months that Mr. Gentile's remains were stored with the Coroner, the refrigerator containing them

---

[1] Rec. Doc. 1, ¶¶ 7, 23. The building Mr. Gentile jumped from was directly across from the NOPD headquarters on Gravier Street. *Id.* ¶ 22.

[2] *Id.* ¶¶ 9-20, 26.

[3] *Id.* ¶ 28.

stopped working, causing his body to "decompose at an accelerated rate."[4] By the time Rita Gentile—Mr. Gentile's mother and the plaintiff in this case—received notice of her son's death, Mr. Gentile's remains had become so decomposed that "[Plaintiff] was not permitted to view the body of her only son before he was cremated."[5]

In June 2024, Plaintiff filed this lawsuit against the Coroner, the New Orleans City Park Improvement Association, the Orleans Parish Sheriff, the Mayor of New Orleans, and the Chief of the NOPD.[6] Plaintiff's claims against the Coroner are limited to causes of action for negligent infliction of emotional distress and intentional infliction of emotional distress.[7] The Coroner subsequently filed the instant motion, arguing that Plaintiff has failed to state a claim upon which relief can be granted.[8]

## II.    Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012) (quoting *In re Katrina Canal Breaches Litig.*, 495

---

[4] *Id.* ¶ 29.

[5] *Id.* ¶ 31. According to her complaint, Plaintiff received notice of Mr. Gentile's death on September 14, 2023, more than two months after Mr. Gentile's death. *Id.* ¶ 30. It is unclear when Mr. Gentile's remains were cremated.

[6] *Id.* ¶¶ 1-4.

[7] *Id.* ¶¶ 37-39.

[8] Rec. Doc. 14-1, at 1.

F.3d 191, 205 (5th Cir. 2007)). But a court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

A legally sufficient complaint must establish more than a "sheer possibility" that the plaintiff's claim is true. *Id.* It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555); *Coleman v. Sweetin*, 745 F.3d 756, 763-64 (5th Cir. 2014). In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009). If there are insufficient factual allegations to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed. *Twombly*, 550 U.S. at 555; *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007).

### III. Discussion

The Court is satisfied that the face of Plaintiff's complaint contains enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of her claim. *Lormand*, 565 F.3d at 257. As noted by Defendant, however, her complaint does not identify a specific standard of care for the negligent infliction of emotional distress claim, it only asserts the cause of action with a boiler plate description.[9] *See Butler v. Denka Performance Elastomer, L.L.C.*, 16 F.4th 427, 444-45 (5th Cir. 2021) ("While Louisiana law does impose a 'universal duty' on defendants in a negligence action to use 'reasonable care,' plaintiffs are still required to assert a 'specific standard' of care.") (quoting *Rando v. Anco Insulations, Inc.* 16 So. 3d 1065, 1086 (La. 2009) and *Lemann v. Essen Lane Daiquiris*, 923 So. 2d 627, 633 (La. 2006)). And, despite the fact

---

[9] *See* Rec. Doc. 14-1, at 6; Rec. Doc. 1, ¶¶ 37-39.

that law may exist to support Plaintiff's claims,[10] her complaint is deficient in that it points to no statutory, jurisprudential, or any other source of law to support either of her causes of action against the Coroner. *See id.* at 445.

Plaintiff requested that she be allowed to amend her complaint if the Court finds it deficient.[11] Leave to amend a complaint should be freely given "when justice so requires." FED. R. CIV. P. 15(a)(2); *Sigaran v. U.S. Bank Nat'l Ass'n*, 560 F. App'x 410, 412 (5th Cir. 2014). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962).[12] A district court "acts within its discretion in denying leave to amend where the proposed amendment would be futile because it could not survive a motion to dismiss." *Rio Grande Royalty Co. v. Energy Transfer Partners, LP*, 620 F.3d 465, 468 (5th Cir. 2010) (citation omitted). The Coroner has not suggested that any effort to amend the complaint would be futile.[13] As such, Plaintiff shall be granted leave to amend her negligent and intentional infliction of emotional distress claims against the Coroner.

---

[10] *See generally* Rec. Doc. 32.

[11] *Id.* at 9.

[12] *See also Foman*, 371 U.S. at 182,

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

[13] The Court notes that the Coroner opted not to file a reply in support of its motion.

Accordingly;

**IT IS ORDERED** that Defendant's motion is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff shall have **fourteen (14) days from the entry of this order to move the Court for leave to file an amended complaint.** The amendments shall be limited to her negligent and intentional infliction of emotional distress claims against the Coroner.

New Orleans, Louisiana, this 24th day of October, 2024.

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE