| | | |
|---|---|---|
| RITA GENTILE | * | CIVIL ACTION |
| | * | |
| *VERSUS* | * | NO. 24-1607 |
| | * | |
| NEW ORLEANS CITY PARK | * | SECTION P(4) |
| IMPROVEMENT ASSN., ET AL | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## UNOPPOSED MOTION TO CONTINUE TRIAL AND EXIMEND PRETRIAL DEADLINES

NOW INTO COURT, through undersigned counsel, comes Plaintiff, **Rita Gentile**, who respectfully moves this Honorable Court for an order continuing the current trial date and extending current pretrial deadlines set forth in the Court's Scheduling Order and in support thereof states as follows:

1. Pursuant to the Court's Scheduling Order, trial is set for August 24, 2026.

2. Various pretrial deadlines are currently in place, including filing witness and exhibit lists, expert report deadlines, discovery cutoff, and pretrial filings.

3. Since the issuance of the latest Scheduling Order, the parties have engaged in ongoing written and deposition discovery.

4. During recently conducted depositions, new information and new witnesses have been revealed that were not previously known to Plaintiff and that are material to the claims and defenses in this matter.

5. Specifically, testimony and documents obtained in very recent discovery identified additional individuals with direct knowledge relevant to the issues in this case.

6. Plaintiff first learned that the New Orleans Police Department has opened a second investigation related to the allegations in his case after the first investigation was concluded.

7.     In light of this newly developed information, Plaintiff requested the depositions of those involved in the second investigation.  The NOPD has agreed to produce all of these witnesses except for Superintendent Kirkpatrick.

8.     Plaintiff also seeks to depose NOPD deputy Curtis Carkum, whose involvement and relevance likewise became apparent through recent discovery.

9.     Plaintiff also requested the deposition of Aaron Harrelson, the head of CIT, who no longer works at NOPD.  Harrelson's deposition should be scheduled soon.

10.     Scheduling these depositions has become problematic within the relevant deadlines.

11.     Plaintiff also requested all documentation gathered and created in support of the second investigation.

12.     Plaintiff filed a *Motion to Compel* to gain access to these documents which is set for hearing on May 27, 2026 before the Magistrate Court.  [Rec. Doc. 114]

13.     After filing the motion, counsel for NOPD agreed to produce the underlying materials before the hearing but still opposes producing Superintendent Kirkpatrick for a deposition.

14.     Additionally, the Rule 30(b)(6) deposition of the City of New Orleans was scheduled but had to be rescheduled at the request of counsel for the City, further impacting the parties' ability to complete discovery within the current deadlines.

15.     The 30(b)(6) deposition for the City Park Defendants is also awaiting scheduling, though the parties have worked out the areas of inquiry in good faith.

16.     Defendants have also requested to depose Plaintiff, and Plaintiff is currently working to provide mutually agreeable dates for that deposition.

17. These outstanding and newly identified depositions are necessary to fully develop the factual record and cannot reasonably be completed within the current deadlines.

18. The outstanding discovery and depositions are also important for expert reports.

19. Counsel for all parties have been contacted and do not oppose continuing the trial and extending the deadlines.

20. Accordingly, Plaintiff respectfully requests that the Court continue the trial date by at least sixty (60) days and continue the relevant deadlines to be re-set that have not lapsed as of this filing. Those deadlines include exchanging plaintiff and defendant expert reports, filing witness and exhibit lists, discovery cut-off, and dispositive motion deadlines.

**WHEREFORE**, Plaintiff respectfully prays that this Motion to Extend Deadlines be granted and that the Court issue an Order modifying the Scheduling Order as set forth above, and for all general and equitable relief.

**RESPECTFULLY SUBMITTED,**

s/Soren E. Gisleson
SOREN E. GISLESON La Bar No. 26302
HERMAN, KATZ, GISLESON & CAIN
909 Poydras Street, Suite 1860
New Orleans, La 70113
Tel: (504) 581-4892
Fax: (504) 561-6024
soren@hkgclaw.com

RICHARD C. TRAHANT (#22653) T.A.
ATTORNEY AT LAW
2908 Hessmer Ave.
Metairie, Louisiana 70002
Tel:(504) 780-9891
Fax:(504) 780-7741
trahant@trahantlawoffice.com

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that the foregoing has been served to all known counsel of record on this 14th day of May, 2026.

<u>S/Soren E. Gisleson</u>